Freeman, J.,
delivered the opinion of the court.
This is an action for malicious prosecution, brought in the Law Court of Memphis.
Process was regularly served on the defendant, and a declaration filed, to which he failed to plead, whereupon a judgment by default was taken, and upon the writ of inquiry the jury assessed the plaintiffs-damages at $25,000.
This writ of error is presented to reverse and set aside this judgment-.
There is no bill of exceptions in the record, and so we caunot see the evidence on which the finding of the jury is based.
The principal error assigned is, that the declaration-states no cause of action on its face, averring only that “the defendant falsely and maliciously procured one James Hall, a justice of the peace for Shelby County, to issue a State’s warrant against the plaintiff, on a charge of obtaining $12,000 or $14,000 worth of goods under false and fraudulent pretences, and then the plaintiff’s discharge by the jnslice of the peace, and the abandonment of the prosecution.
The objection is, that it is not alleged that the warrant was procured to be issued “ without reasonable or probable cause.”
By the Code of Tennessee, it is provided that “all' pleadings shall state only material facts, without argument or inference, as briefly as is consistent with presenting the matter in issue in an intelligible form.” *536 Sec. 2881. And'that “any pleading possessing the following requisites is sufficient; — 1. When it conveys a reasonable certainty of meaning; 2. When, by a fair and natural construction, it shows a substantial- cause of action or defense.” Sec. 2884.
If defective in the last particular, it is ground for demnrrer. Sec. 2885.
. But “ all demurrers for formal defects are abolished, and those only for substantial defects are allowed.” Sec. 2934.
And, by sec. 2865, writs of error for matters of form in civil suits are abolished.
These wise and wholesome provisions, based on the sound principle that the .tights of litigants are not to be sacrificed to mere technical verbiage, or set forms of words, but are to be ascertained by the courts upon the statement of material facts in an intelligible form, it is the duty of this court fairly to enforce according to the true intent and meaning of -the Legislature, which has complete control over the forms and modes of proceeding by which civil rights are 'to be administered in our courts.
The principle of the above provisions is, that such tacts must be alleged as if proved by the plaintiff g:ve him under the law a right to a judgment in his favor.
In other words, the declaration must contain substance; but no writ of error or demurrer will lie simply for a want of form in the allegations of the plaintiff.
With these principles settled the question is, Does *537 the declaration before us, admitting all its allegations to be true, by a fair and natural construction, show a substantial cause of action ?
In Brown’s Com. on Com. Law, Ed. 1873, it is said: — “The essential ground of the action for malicious prosecution is, that a legal prosecution was instituted or carried on maliciously and without reasonable or probable cause, whereby damage has ensued to the plaintiff.
This allegation of the want of probable cause must be substantially and expressly proved, and cannot be implied. From the want of probable cause, malice may be, and most commonly is, implied. From the most express malice, the want of probable cause, however, cannot be implied. The law therefore renders a party liable, only where malice is combined xoith want of 'probable cause; and where there is no reasonable or probable cause, it is for the jury to infer malice from the facts proved, lb. 742. Jenkins v Mitchell, 5 B. and A., 594, cited in note.
This principle has uniformly been adopted by our own courts, and laid down as the settled law. Raulston v. Jackson, 1 Sneed, 128; Pharis v. Lambert, Ib. 231.
It has likewise been constantly maintained in all modern cases. See 1 Am. L. Cases, Munn v. Dupont, Ed. 1871, and eases cited.in note 1.
¥e have found several cases that hold that after a trial on the merits and a verdict by a jury, the defect is cured, because the jury can find for the plaintiff only upon proof of a want of probable cause.
*538 But this does not meet the difficulty in the present case, because here there has been no trial before a jury on the merits, the judgment having been by default, leaving to the jury, on the writ of inquiry, only the amount of the damages.'
■In view of these authorities, we bold that' the declaration does not, admitting all of its allegations to be true, allege on its face a cause of action ■ against the defendant.
It is proper to add that the statements that the party was discharged by the magistrate, and that the prosecution was abandoned, do not, we think, aid the other facts; as this was substantive matter of itself, and could not be held to stand both in its own place and also in the place of the allegation of a want of probable cause.
The result is that the judgment must be reversed; but we deem it a proper case to remand for an amendment of the declaration in the matter held defective.
A trial can then be had, at which the rights of both parties may be fairly determined.
This may well be done upon the principle that it appears that the error lies in the imperfect statement of a good cause of action, and not in the want of any cause. McCandless v. Polk, 10 Hum., 617 ; Stovall v. Bowers, Ib. 560.
The judgment is reversed and the case remanded.